IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVEREUX DEFINED CONTRIBUTION RETIREMENT PLAN ADMINISTRATIVE COMMITTEE<br>2012 Renaissance Boulevard<br>King of Prussia, PA 19406-2786<br><br>                    Plaintiff,<br>    vs.<br><br>THOMAS MCFARLAND, JR. and<br>JOANNE MCFARLAND<br>609 17th Street<br>St. Augustine, FL 32804<br><br>and<br><br>KARLA S. HAYES,<br>7822 Prairie Star Court<br>Parker, CO 80134<br><br>                    Defendants. | :  CIVIL ACTION<br>:<br>:  NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT IN INTERPLEADER**

Plaintiff Devereux Defined Contribution Retirement Plan Administrative Committee ("Devereux"), by and through its undersigned counsel, brings this action in interpleader against Defendants Thomas McFarland, Jr. and

Joanne McFarland (the "McFarlands") and Karla S. Hayes ("Ms. Hayes") (collectively the "Defendants"). Devereux is the administrator for an ERISA plan set up to provide retirement income benefits to eligible employees of The Devereux Foundation d/b/a Devereux Advanced Behavioral Health, a nonprofit behavioral healthcare organization (the "Foundation"). Peter McFarland was a participant in the plan who died and Defendants each claim to be his beneficiary. As a result, Devereux brings this interpleader action to avoid liability to multiple parties. Specifically, Devereux alleges as follows:

## NATURE OF CASE

1.     This interpleader action is brought to resolve the competing claims of the Defendants for the account balance payable under the Devereux Defined Contribution Retirement Plan (the "Plan") in which Peter McFarland ("Decedent"), participated before his death.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1331 (federal question) in that this matter arises pursuant to an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.§ 1001 *et seq*. As such, this matter arises under the laws of the United States and therefore raises a federal question. 29 U.S.C. § 1132(e).

3. Venue is proper in this District pursuant to 29 U.S.C § 1132(e)(2) because the Plan is administered in this District.

## PARTIES

4. Devereux is the administrator and named fiduciary of the Plan. The Foundation, a Pennsylvania nonprofit company, with its principal place of business at 2012 Renaissance Boulevard, King of Prussia, Pennsylvania 19406-2786, is the Plan sponsor.

5. On information and belief, Defendants Thomas and Joanne McFarland, husband and wife, are adult individuals residing at 609 17th Street, St. Augustine, Florida 32804.  They are citizens of Florida.

6. On information and belief, Defendant Ms. Hayes, formerly known as Karla H. Fox, is an adult individual residing at 7822 Prairie Star Court, Parker, Colorado, 80134.  Ms. Hayes is a citizen of Colorado.

## FACTUAL BACKGROUND

7. The Plan provides retirement income benefits to eligible employees of the Foundation and affiliates of the Foundation that have adopted the Plan.  A true and correct copy of the Plan is attached hereto as Exhibit A.

8. Under the Plan, a beneficiary "shall receive the balance standing to the Participant's Account in the event the Participant dies prior to the distribution of his entire Account."  Exhibit A § 2.8.

9. Decedent was an employee of Devereux in this District and a participant in the Plan.

10. On or about December 19, 2001, Decedent designated his then-girlfriend, Defendant Ms. Hayes, as his beneficiary under the Plan and his brother, Defendant Mr. McFarland, as his contingent beneficiary. A true and correct copy of the plan documents showing beneficiary designations is attached hereto as Exhibit B.

11. On information and belief, Decedent and Ms. Hayes subsequently married and then divorced.

12. As part of their separation, Decedent and Ms. Hayes executed a Property Settlement Agreement. A true and correct copy of their Property Settlement Agreement is attached hereto as Exhibit C.

13. The Property Settlement Agreement states in part, "Wife waives any claim she may have to Husband's business interests, pensions and/or profit sharing plans presently in existence." Exhibit C, Property Settlement Agreement ¶ 19(b).

14. On information and belief, Ms. Hayes signed the Property Settlement Agreement on August 14, 2006. *See* Exhibit C.

15. On information and belief, on August 19, 2006, before two witnesses, Decedent also executed a handwritten document stating he would leave

certain property, including "all stocks Pension fund and Personal Possessions" to the McFarlands. A copy of the August 19, 2006 document is attached hereto as Exhibit D.

16. Decedent did not notify Devereux of this change to his beneficiary designation.

17. On information and belief, Decedent filed for divorce from Ms. Hayes on August 26, 2006.

18. The Divorce Decree, entered on February 15, 2007, in Montgomery County, Pennsylvania, incorporated the Property Settlement Agreement by reference. A true and correct copy of the Divorce Decree is attached hereto as Exhibit E.

19. Decedent died on November 14, 2020. A true and correct copy of the Death Certificate is attached hereto as Exhibit F.

20. Both Ms. Hayes and the McFarlands have submitted claims for the account balance under the Plan. *See* Exhibits G (without internal exhibits) and H.

21. The McFarlands assert that after Ms. Hayes waived any interest in his retirement benefits, Decedent executed the August 19, 2006 document which had the effect of serving as a change in beneficiary and that it substantially complies with the Plan's procedures for a change in beneficiary.

22. On the contrary, Ms. Hayes asserts that she is the beneficiary, is entitled to the account balance, and that the McFarlands have no claim to the funds.

23. The approximate value of the account balance under the Plan is $140,908 as of December 16, 2021.

## COUNT I - INTERPLEADER

24. Devereux incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

25. A dispute has arisen as to whether Decedent's account balance under the Plan should be distributed to the McFarlands or Ms. Hayes.

26. Each of the Defendants is claiming to be the proper recipient of the account balance due under the Plan.

27. Because of the multiple and conflicting claims to the account balance, Devereux cannot safely determine between the parties, without great hazard to itself, to whom it should distribute the account balance.

28. Devereux does not have an interest in the account balance to be paid under the Plan.

29. Devereux is willing to cause distribution of the funds to the person who the Court determines is the proper beneficiary under the Plan.

30. Accordingly, Devereux respectfully requests that this Court identify the proper beneficiary of the balance of Decedent's account under the Plan; absolve Devereux of any liability for depositing or distributing the funds in Decedent's Plan account in the manner directed by the Court; and find that Devereux has no further obligations to Defendants, or anyone who may lay claim to the survivor benefits attributable to Decedent under the Plan.

WHEREFORE, the Devereux Defined Contribution Retirement Plan Administrative Committee requests judgment as follows:

1. Restraining all of the Defendants by Order and Injunction of this Court from instituting or pursuing any action against Devereux for the recovery of any benefits under the Plan;

2. Requiring Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the Plan account balance at issue;

3. Enjoining all of the Defendants from instituting or prosecuting any proceeding in any state or United States court effecting the Plan account involved in this interpleader action;

4. Requiring that Defendants settle and determine between themselves, or upon their failure to do so, this Court settle and adjudge the claims and determine to whom the Plan account balance should be paid;

5. Discharging with prejudice Devereux from any further liability upon payment of the aforementioned benefits into the Clerk of this Court or as otherwise directed by this Court;

6. Awarding Devereux its costs and attorney's fees;

7. Awarding Devereux any other and further relief that this Court deems just and proper.

Dated:  December 20, 2021

*s/ Justin G. Weber*
TROUTMAN PEPPER HAMILTON SANDERS LLP
Justin Weber (PA 89266)
100 Market Street
Suite 200
Harrisburg, PA  17108
717.255.1155
justin.weber@troutman.com

Brian Callaway (PA 316034)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
215.981.4000
brian.callaway@troutman.com

*Attorneys for Devereux Defined Contribution Retirement Plan Administrative Committee*